IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONALD C. WEEKLEY,[1]
    Plaintiff,

vs.                              Case No. 3:06cv80/LAC/MD

MR. CASKEY, et al.,
    Defendants.

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. §1983. (Doc. 1). He has also filed a motion to proceed *in forma pauperis*. (Doc. 2). For the limited purpose of dismissal of the complaint, leave to proceed *in forma pauperis* will be granted.

Plaintiff was incarcerated at the Okaloosa County Department of Corrections ("Okaloosa County DOC") at the time of the events giving rise to this complaint. (Docs. 1 & 2). He has since been released. (Doc. 6). Named as defendants in this action are an official and two departments of the Okaloosa County DOC: Mr. Caskey, Chief Jailer; "Prison Health Care;" and "Accounting Department." In his complaint, plaintiff alleges that the health care department approved costs for services without providing him advance notice of the costs. He further complains that the accounting department took money out of his inmate trust fund without providing receipts, and that jail officials ignored his grievances. Plaintiff identifies no right under the

---

[1] The court takes judicial notice of information on the Florida Department of Corrections Offender Information Network, January 29, 2006, stating that plaintiff, whose DOC (Department of Corrections) number is 053865, is also known as: John Bates, William Gassaway, William A. Gassaway, William A. Gassoway, Jr., Vill Gasspwau, William Thomas, Richard Castleberry, William Gassaway, Jr., William Gassoway, William Abraham Gassoway, Jr. and Terry Paul. *See* www.dc.state.fl.us.

**Constitution or laws of the United States that was violated by this conduct. As relief, plaintiff requests the following: "Force jail to inform inmates every time a service is provided that costs money. Provide itemized receipts for all money deposited or taken from inmate accounts. Have jail respond to all requests or grievances in timely manner." (Doc. 1, p. 8).**

**Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). Upon review of plaintiff's complaint, the court concludes that it does not present an actionable claim.**

**Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "Cases" and "Controversies." U.S. Const. art. III, § 2. As the Eleventh Circuit recently explained:**

> The doctrine of mootness derives directly from the case or controversy limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). . . . Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed. *Al Najjar v. Ashcroft*, 273 F.3d [1330,] 1336 [(11th Cir. 2001)]. In fact, "dismissal is required because mootness is jurisdictional." *Id.* (citing, e.g., *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971).

*Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002). **A narrow exception to the mootness doctrine exists, which applies only when: "(1) there [is] a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." *Sierra Club v. Martin*, 110 F.3d 1551, 1554 (11th Cir. 1991); *Al Najjar*, 273 F.3d at 1340 (reiterating that the exception can be invoked "only in the exceptional circumstance**

in which the same controversy will recur and there will be inadequate time to litigate it prior to its cessation.").

In this case, because plaintiff is no longer incarcerated at the Okaloosa County DOC, no order from this court requiring officials at that institution to act in the manner plaintiff prescribes could have any effect. Furthermore, since plaintiff is no longer in custody at the Okaloosa County DOC and there appears no reason to believe that he will again be in custody under the same circumstances, the narrow exception for cases that are capable of repetition yet evading review does not apply. *See, e.g., Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release from prison mooted claim for declaratory and injunctive relief); *Tucker v. Phyfer*, 819 F.2d 1030, 1035 (11th Cir. 1987) (claim of prisoner seeking declaratory relief regarding conditions in which he was held as a juvenile became moot when he reached the age of majority); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred); *McKinnon v. Talladega County,* 745 F.2d 1360, 1363 (11th Cir. 1984) (inmate's transfer to a different jail moots claim for declaratory and injunctive relief); *Dudley v. Stewart,* 724 F.2d 1493, 1494 (11th Cir. 1984) (transfer from county jail to state prison mooted claims for injunctive and declaratory relief against county jailers).

As the sole relief plaintiff seeks in this action is injunctive relief, and as it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to such relief, the court is satisfied that plaintiff's complaint fails to state a claim upon which relief may be granted. This case should therefore be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

That this cause be DISMISSED under 28 U.S.C. §1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted, and the clerk be directed to close the file.

At Pensacola, Florida, this 20th day of March, 2006.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 3:06cv80/LAC/MD*